## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 303 | **DATE** | 2/12/2008 |
| **CASE TITLE** | Jeffery Latham vs. Joseph Burke, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Jeffery Latham's application for leave to proceed *in forma pauperis* ("IFP") [3] is denied. Latham's complaint [1] is dismissed with prejudice as time-barred.

■ [ For further details see text below.]      Notices mailed.

## STATEMENT

    Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court is required to deny a request to proceed IFP if (1) the allegation of poverty is untrue, (2) the action is frivolous or fails to state a claim, or (3) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *see Neitzke*, 490 U.S. at 324.

    Latham's complaint fails to state a claim because the face of the complaint demonstrates that Latham's claim is time-barred. The timeliness of a cause of action under 42 U.S.C. § 1983 is governed by the state's statute of limitations for personal injury. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). In Illinois the statute of limitations for personal injury actions is two years. 735 ILCS 5/13-202; *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006). Accordingly, civil rights actions brought in federal courts in Illinois are subject to a two-year limitations period. *Jenkins*, 506 F.3d at 623; *Evans*, 434 F.3d at 934. Sua sponte dismissal based on an affirmative defense is appropriate where the validity of the defense is apparent from the face of the complaint and so unmistakable that the action is frivolous. *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). Here, Latham alleges injury arising from events that occurred in May 2005. Latham, however, did not file his complaint until January 2008. Latham's failure to file his complaint within two years of the events forming the basis of his complaint is fatal to his claim. Consequently, Latham's application to proceed IFP is denied, and his complaint is dismissed with prejudice.

| | Courtroom Deputy Initials: | |
|---|---|---|