## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 303 | **DATE** | May 29, 2008 |
| **CASE TITLE** | Jeffery Latham (B-30158) v. Joseph Burke, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for an extension of time to file a notice of appeal [6] is denied as moot. Plaintiff's motion for the appointment of counsel for his appeal [15] is denied without prejudice to Plaintiff refiling it in the Seventh Circuit Court of Appeals. Plaintiff's motion for leave to appeal *in forma pauperis* [17] is granted. The court assesses Plaintiff an initial partial filing fee of $9.00. The clerk is directed to send a copy of this order to the trust fund officer at the Hill Correctional Center and the PLRA Attorney, U.S. Court of Appeals. The Fiscal Department shall allocate funds received to the appellate case, *Latham v. Burke*, No. 08-1911, until the $455 appellate fees are paid.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

In January of 2008, Plaintiff Jeffery Latham (B-30158) filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and a motion to proceed *in forma pauperis* in this Court. On February 12, 2008, the Court denied the *in forma pauperis* motion and dismissed the case upon determining that it was clear from the face of the complaint that Plaintiff's claims were untimely. The Court noted that Plaintiff's claims involved an incident in May 2005 and that he filed his complaint more than two years later in January 2008. *See Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) (federal courts use the forum state's statute of limitations for § 1983 claims, which is two years for personal injury claims in Illinois); *see also Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (when an affirmative defense is so plain from the face of a complaint, the complaint may be dismissed on preliminary review).

Plaintiff then filed the following: a motion for extension of time to file a notice of appeal; a notice of appeal; and a motion for the appointment of counsel for his appeal. He also filed in the Seventh Circuit a motion to proceed *in forma pauperis* on appeal, which the Seventh Circuit has transferred to this Court. The motion for extension of time to file a notice of appeal is denied as moot, given that the notice of appeal was timely filed. The motion for the appointment of counsel is denied without prejudice to Plaintiff filing the motion in the Seventh Circuit.

**(CONTINUED)**

isk

**STATEMENT (continued)**

With respect to the motion to proceed *in forma pauperis* on appeal, this Court finds that Plaintiff has taken the appeal in good faith. *See* 28 U.S.C. § 1915 (a)(3). Accordingly, the Court grants Plaintiff's motion for leave to appeal *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses Plaintiff an initial partial filing fee of $9.00. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $455 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn.: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action, and the docket number assigned to the appeal by the Court of Appeals, which is No. 08-1911. If Plaintiff is transferred to another institution, the trust fund officer at the new institution shall be informed of this order and shall be responsible for making deductions and payments in accordance with this order.

Although this case is pending on appeal, and although Plaintiff has not formally filed a motion for relief from judgment under Fed. R. Civ. P. 60(b), the Court nonetheless notes that it would be inclined to grant such a motion if Plaintiff's current motions could be construed as a Rule 60(b) motion or if Plaintiff filed a Rule 60(b) motion. *See Boyko v. Anderson*, 185 F.3d 672, 675-76 (7th Cir. 1999); *Brown v. United States*. 976 F.2d 1104, 1110-11 (7th Cir. 1992) (although a district court does not have jurisdiction to grant a Rule 60(b) motion while an appeal is pending, the district court may inform the appellate court that the district court would grant such a motion so that the appellate court may remand the case). Further review of the complaint reveals that Plaintiff may have stated a timely claim of retaliation. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). Also, the ruling on Plaintiff's motion to proceed *in forma pauperis* in this Court should have been based solely on Plaintiff's ability to pay the filing fee and not on the merits of his case. *See Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir. 1997). A remand of this case now would allow this Court to re-address Plaintiff's motion to proceed *in forma pauperis* in this Court and to re-address whether Plaintiff has sufficiently stated a valid claim permitting his complaint to proceed forward.