IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JEFFERY LATHAM,
    Plaintiff,

-vs.-

JOSEPH BURK, et al.,
    Defendants.

Case No. 08-C-303

HON. JAMES F. HOLDERMAN
Presiding Judge

**FILED**

JUN 3 0 2008
6-30-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NOTICE OF FILING

TO: The Clerk Of The District Court
United States Courthouse
219 S. Dearborn Street
Chicago, Il. 60604

PLEASE TAKE NOTICE, that on the _18_ day of _June_, 2008, I have caused to be filed with the Clerk Of The U.S. District Court for the Northern District Of Illinois/Hon. James F. Holderman, at bar, the attached motion for relief from judgment.

/s/ _Jeffery Latham_
JEFFERY LATHAM

CERTIFICATE OF SERVICE

I, JEFFERY LATHAM, do hereby certify that I have caused to be served on the above-named party the above-cited documents by placing same in the U.S. Mail via the Institutional Mail here at the Henry Hill C.C. with postage being pre-paid on the _18_ day of _June_, 2008.

/s/ _Jeffery Latham_
JEFFERY LATHAM
Reg.No. B-30158
600 Linwood Road
P.O. Box 1700
Galesburg, Il. 61401

SUBSCRIBED AND SWORN TO BEFORE ME
this _18_ day of _June_, 2008.

_Gareth L Beams_
NOTARY PUBLIC

OFFICIAL SEAL
GARETH L. BEAMS
Notary Public - State of Illinois
My Commission Expires Sep 21, 2011

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FILED
JUN 3 0 2008
6-30-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JEFFERY LATHAM,
    Plaintiff,

   -Vs.-

JOSEPH BURK, et al.,
    Defendants.

Case No. 08-C-303

HON. JAMES F. HOLDERMEN
Presiding Judge

## MOTION FOR RELIEF FROM JUDGMENT AND MEMORANDUM OF LAW

    Now Come's Plaintiff-Pro Se. Jeffery Latham, and moves this Honorable Court pursuant to the Federal Rules Of Civil Procedure, Rule 60(b); 735 ILCS 5/8-1001; 5/8-1002; 5/8-1003; 5/8-1005; 5/8-1006; and the Revestment Doctrine. Insupport of same Plaintif-f states the following:

### APPLICABLE LAW'S AND DUTIES

Revestment Doctrine, allows a party to revest a Court with Jurisd-iction when said party actively participated in proceedings whic-h were/are inconsistent with intrinsic merit of the prior judgme-nt (see People v. Watkins, 258 Ill.Dec. 732, 757 N.E.2d 117 (Ill.App. 2Dist. 2001).

Federal Rules Of Civil Procedure, Rule 60(b) Relief from a judgme-nt or order/(b) Grounds for relief from a Final Judgment, Order, or Proceeding: On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, o-r proceeding for the following reasons: (1) mistake, inadvertenc-e, surprise, or excusableneglect; (6) any other reason that just-ifies relief.

735 ILCS Part 10 Judicial Notice

735 ILCS 5/8-1001 Court's of original jurisdiction: Every Court o-f original jurisdiction , in addition to the matters of which Courts of original jurisdiction have heretofore been required to take judicial notice, shall take judicial notice of the following -: All rules of practice in force in the Court from which a case has been transferred by change of place, or trial, or otherwise.

&35 ILCS 5/8-1002 Courts of Appellate Jurisdiction: Upon the revi-ew by any Court of Appellate Jurisdiction of a judgment or order of a Circuit Court the Court of appellate jurisdiction shall take judicial notice of all matters of which the circuit court were re-quired to take judicial notice, including all rules of practice adopted by the Circuit Court. In case of review by the Supreme Co-urt of a judgment or order of the Appellate Court, the Supreme C-ourt shall take judicial notice of all matters

(1)

of which the Circuit Court was required to take judicial notice a
-s well as of the rules of practice adopted by the Circuit Court,
the judgment or order which has been reviewed by the Appellate
Court.

735 ILCS 5/8-1003 Common Law Statutes: Every Court of this State
shall take judicial notice of the common law and statutes of ever
-y State, territory and other jurisdiction of the United States.

735 ILCS 5/8-1006 Evidence as to laws of other jurisdictions: Any
party may present to the Court/trial Court any admissible evidenc
-e of such law, but, to enable a party to offer evidence of the l
-aw in another jurisdiction or to ask that judicial notice be tak
-en thereof, reasonable notice shall be given to the adverse part
-ies either in pleadings or otherwise.

    1. Plaintiff brings this Rule 60(b) Motion For Relief From
Judgment before this Honorable Court of the United States Distric
-t Court for the Northern District Of Illinois, pursuant to the
Revestment Doctrine requesting said Court to revest itself with j
-urisdiction to hear and rule on the intrinsic merit of said Rule
60(b) motion as same relates to this Court's own Court Order of
May 29th/2008, wherein said Court makes it abundantly clear that
although a District Court does not have jurisdiction to grant a R
-ule 60 (b) while an appeal is pending. Nonetheless, if, such a m
-otion was to be filed said District Court notes that it may info
-rm the Appellate Court that it would be inclined to grant such a
motion whereby the Appellate Court may [remand] the case. (see
Boyko v. Anderson, 185 F.3d 672, 675-76 (7th Cir. 1999); Brown v.
United States, 976 F.2d 1104, 1110-11(7th Cir.1992)

    2. The rationale the District Court relied on for its reas-
oning is that through further review of the complaint reveals tha
-t Plaintiff may have stated a timely claim of retaliation.
(see Hoskins v. Lenear, 395 F.3d 372,375(7th Cir.2005)
And, (Babcock v. White, 102 F.3d 267,275(7th Cir.1996)
Moreover, that the ruling on Plaintiffs motion to proceed in
forma pauperisin the District Court should have been based solely
on Plaintiffs ability to pay the filing fee and not on the merits
of the case. (see Hains v. Washington, 131 F.3d 1248,1250(7th Cir
.1997)

    3. When a Court of Original Jurisdiction has made an obviou
-s error pursuant to the final judgment of a claim which has depr
-ived a litigant of his day in Court, said Court of Original
Jurisdiction should be allowed to exercise its Supervisory Author
-ity to hear/rule on a motion such as Plaintiffs Rule 60(b) motio
-n inthat not only does said Court competent jurisdiction have a
Right but a Duty to correct itself and restore Plaintiffs Constit
-utional Rights under the State Of Illinois and Federal Constitut
-ion(s).

(see Plaintiffs Exhibit-(A), which is the U.S. District Court's Order of May 29th/2008)

## LEGAL STANDARD

With respect to 735 ILCS 5/8-1006, Latham Defendants are not part-ies to a suit before being served with process, [see Neals v. No-rwood, 59 F.3d 530,532(5th Cir.1995), as such the rulings set-fo-rth in the Courts Order of May 29th/2008, are not binding upon them.

---

    In determining whether a complaint states a claim for purpos-es of 28 U.S.C. § 1915A, another provision of the PLRA, the Cour-t is required to review complaints filed by prisoners against of-ficers or employees of governmental entities and dismiss any por-tion of the complaint it finds frivolous, malicious, fails to st-ate a claim upon which relief may be granted, or seek monetary relief from a defendant immune from relief. The Court is directed , in effect, to make and rule on its own motion to dismiss the complaint prior to service. And further determination of whether a complaint states a claim for the purposes of 28 U.S.C. § 1915A, the Court applies the standard applied in addressing an adversari-l motion to dismiss under Rule 12(b)(6). A motion to dismiss should not be granted unless the Court concludes that "no relief" could be granted under any set of facts that could be proven cons-istent with the allegations. (See Hishon v. King & Spalding, 467 U.S. 69,73(1984) A complaint should not be dismissed unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief. (see Vickery v. Jones, 100 F.3d 1334,1341(7th Cir.1996) When analyzing the dismissal of a complaint under Fed.R.Civ.P. 12 (b)(6), the Court assumes/accepts that the alleged facts containe-d in the complaint as true and draw every reasonable inference i-n the Plaintiffs favor. (see Fries v. Helsper, 146 F.3d 452,457 (7th Cir.1998); Henderson v. Sheahan, 196 F.3d 839,845(7th Cir. 1999)

    A pro se complaint is held to a less stringent standard than that of a complaint drafted by an attorney, [id. at 845-46], and for a Pro Se Plaintiff the Court are to consider the allegations contained in all documents filed with the Court. (see Gutierrez v. Peters, 111 F.3d 1364,1367 & n. 2 (7th Cir.1997); Swofford v. Mandrell, 969 F.2d 547,549(7th Cir.1992)

    Illinois two-year statute of limitation for personal injury claims, [735 ILCS 5/13-202] governs §1983 claims arising in Illin-s. (see Kelly v. City Of Chicago,4 F.3d 509,510(7th Cir.1993) Latham being subjected to retaliatory punishment was not able

(3)

to adequately prosecute his claims against the Defendants given their retaliatory tactics employed against him as same rela-tes to the purposeful discarding of all of Plaintiffs legal mate-rial [meaning: all legal mail; documents and or papers, includin-g grievances, books, etc.] (see Plaintiffs Exhibit-(B), which is Plaintiffs resident personal property inventory record pursuant t-o his transfer from Stateville C.C. to the Menard C.C.) An obser-vation provides that there was'nt any legal papers, documents, n-or books shipped along with Plaintiffs other personal property i-tems. This in-of-itself speaks volumes inthat for one to believe that Plaintiff being incarcerated for an extended number of years and not have any legal papers, books, and or documents that perso-n would need an extremely vivid imagination. It's an absurdity! When considering the continual sequence of events, the discrimina-ation, threats, intimidation, and other forms of retaliatory measures taken against Plaintiff by the Defendants there can be n-o doubt as to whether Plaintiff has stated a cause of action under retaliation and therefore the claims which were before the Court are infact timely. (see Plaintiffs Exhibit-(A)) In this Cou-rt's own Order said Court makes it clear as to its understanding of the progression of events. The Court states: "under further review the complaint reveals that Plaintiff may have stated a tim-ely claim of retaliation.

### RETALIATORY PUNISHMENT

(A) Charging Officer(s) and Official(s)

While incarcerated at the Stateville Correctional Center Plainti-ff Latham, was housed in the segregation unit [F-House, cell #252] when Sgt. Grant, while smoking a cigarette in a non-smoking unit upon completion fliped the cigarettebut in a near-by trash can which inturn caught fire. Said fire was left by Sgt. Grant [a-nd several other Officers and Officials] to its] to its own devi-ces and burned for what seemed hours bellowing toxic smoke throu-ghout the entire housing unit [F-House is the last round house /round cellhouse in the entire United States]. Several inmates verbally complained exchanging words with the officers who respon-ded by opening an inmates celldoor and begain beating and kickin-g him about the head while attempting to spray mace in his face. Another inmate complaining of this abuse was himself maced by two Officers when they droped two canisters of mace in his cell. Give-n the amount of smoke coupled with the mace literally fumigated what appeared the entire housing unit. Plaintiff is asthmatic and also suffers from heat problems. He immediately made these he-alth concers known to several officers and or officials informin-g them that he was having an extremely hard time breathing. To no avail, inthat his request to be seen by a mec-tec fell on deaf ears for an extended period of time.

(4)

Once Med-tec Thomas appeared Plaintiff requested a breathing trea
-tment, only to be refused as Thomas vehemently exclamed "this
is what happens when you F--- with Staff"!!! After the incident i
-nquestion [the subsequent fire and denial of medical treatment]
Plaintiff was discriminated against by Sgt. Grant accompanied by
other officers and officials. Attempts were made to intimidate
him. He was threatened by Lt. Sawer and Sgt. Grant to the affect
that if he continued with his grievance process concerning the fi
-re and associated events there would be consequences and repercu
-ssionsPlaintiffs mail would come-up missing, his phone calls wou
-ld be cut-off in the middle of speaking with family and his lega
-l representatives. And still he pressed on with his grievance pr
-ocedure only to be informed that he was being transfered to the
southern most part of the State, to the Menard Correctional Cente
-r "and he was". Their completion was to discard <u>all</u> of Plaintiff
-s legal materials!!!

(B) Applicable Law's And Duties/Administrative And Otherwise

Constitution Of The State Of Illinois/Bill Of Right's
Section 4, Freedom Of Speech:
All persons may speak, write and publish freely, bbeing responsib
0le for the abuse of that liberty. In trials for libel, both civi
-l and criminal, the truth, when published with good motives and
for justifiable ends, shall be a sufficient defense.
Section 5, Right To Assemble And Petition:
The people have the Right to assemblein a peaceable manner, to co
-nsult for the common good, to make known their opinions to their
representatives and to apply for redress of grievances.
Section 12, Right To Remedy And Justice:
Every person shall find a certain in the Laws for all injuries an
-d wrongs which he receives to his person, privacy, property or
reputation. He shall obtain justice by law, freely, completely, a
-nd promptly.

   The Department Of Corrections has no general nor common law
powers inthat it is a creation of the Unified Code Of Corrections
and must find its power in the Code [S.H.A. 730 ILCS 5/1-1-1 et s
-eq.] Hadley v. IDOC, 840 N.E.2d 748.

730 ILCS 5/1-1-2(c) Purposes:
The purpose of the Code Of Corrections is to: Prevent arbitrary o
-r oppressive treatment of persons adjudicated offenders or deliq
-uents.

730 ILCS 5/3-8-8 Grievances:
(a) The Director shall establish procedures to review the grievan
-ces of committed persons. The Director may establish one or more
administrative review boards within the Department to review grie
-vances. <u>A committed persons right to file grievances shall not b</u>
<u>-e restricted</u>.

(5)

Plaintiff made clear throughout his complaint that Defendants [Lt -. Sawer and Sgt. Grant] without any thought of reprisal on any n -umber of occasions personally and verbally threatened Plaintiff with retaliation if he were to proceed on/and continue with his grievance process pursuant to the incident inquestion [the fire]. That said Defendants not only threatened but did infact seize the opportunity to conspire and facilitate discriminatory and retalia -tory measures against Plaintiff through the withholding of medic -al treatment while the fire was still in process and or immediat -ely thereafter. That his mail was withheld and his phone calls were purposely cut-off at the behest of the Defendants. The final insult came in the form of Plaintiffs untime transfer to the Mena -rd Correctional Center, which is some 300 or better miles from the cities of Joliet and Chicago. Plaintiff is incarcerated/was incarcerated in Joliet at Stateville C.C. and his family resides in Chicago. [Mind you, I said untimely transfer,,, inthat Plainti -ff never requested to be transfered to any other institution at all and that this previously threatened by the Defendants Lt. Saw -er and Sgt. Grant]. To transfer an inmate to Menard C.C. is a tactic employed against inmates who challenge their treatment and or confinement at the hands of Statevilles officers and officials A Menard C.C. tansfer affirmatively destroys that inmates lines o -f communication with family and legal counsel making it all but impossible to adequately prosecute his claim before the Courts. 300 and some-odd miles will provide very few if any visits and a phone call is upwards of $26 to $30 dollars for one call!

A complaint states a claim for retaliation only if it sets forth "chronology of events from which retaliation may plausibly be inf -erred". Zimmerman v. Tribble, 226 F.3d 568,573(7th Cir.2000) (quoting Cain, 857 F.2d at 1143 n. 6)

A conspiracy is an agreement,,, in Kunik v. Racine County, 946 F. 2d 1574,1580(7th Cir.1991), the Court explained that while the requisite agreement need not be overt, the alleged acts must be s -ufficient that an inference can be made when the alleged conspir -ators actions are likely to have been undertaken without an agre -ement, at least "a whiff of the alleged conspirators assent must be apparent in a complaint".

    Acts which are otherwise permissible are impermissible if done for retaliatory reasons. Eventhough its extremely apparent f -rom the pleadings that Plaintiffs protected liberty and property interest were without question violated same was not absolutely n -ecessary to state a claim as to retaliatory and discriminatory treatment. (see Zimmerman v. Tribble, 226 F.3d 568,573(7th Cir. 2000); Dewalt v. Carter, 224 F.3d 607,613(7th Cir.2000); Babcock v. White, 102 F.3d 267,275-76(7th Cir.1996); Cain v. Lane, 857 F. 1139,1143(7th Cir.1988)

An inmate may not be transfered to a new prison in retaliati -on For exercising his First Amendment Rights... (see Vignolo v. Miller, 120 F.3d 1075,1077-78(9th Cir.1997))

When an executive agency draws on the freedom the law vest's in it the Judiciary can not deny or curtail such freedom. (sse Vitarelli v. Seaton, 79 S.Ct. 968)

An executive agency must be rigorously held to the standard by which it professes its actions to be judged. (see Securities & Exchange Commission v. Chenery Corp., 318 U.S. 80,87-88, 63 S.Ct. 454,459, 87 L.Ed. 626)

Procedure must be scrupulously observed. (see Servic v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403) Such as Plaintiffs r -ight to the grievance process; his right to receive mail and mak -e phone calls; well as his obvious right to/property interest in the retaining of his discarded legal property; and lastly is his Eighth Amendment Right to be free from cruel and unusual punishme -ne as same relates to him not being allowed a breathing treatmen -t.

## CONCLUSION

In January of 2008, Plaintiff Jeffery Latham filed a Pro Se. civil rights complaint under 42 U.S.C. §1983, and a motion to pro -ceed in forma pauperis in the U.S. District Court, Northern Dist -rict of Illinois. On February 12th/2008, the Court denied the in forma pauperis motion and dismissed the case upon determination t -hat it was clear from the face of the complaint that Plaintiffs claims were untimely. The Court noted that PLaintiffs claims invo -lved an incident in May of 2005 and that he filed his complaint more than two years later in January 2008. Federal Courts use the forum states statute of limitations for § 1983 claims which is two years for personal injury claims in Illinois and where its sa -id to be that an affirmative defense is so clearly plain on the face of the complaint the complaint may be dismissed on prelimina -ry review.

The dismissal of an action for want of prosecution is within the sound discretion of the trial court and should not be disturb -ed unless there has been an abuse of that discretion. However, i -t is error to dismiss where a satisfactory explanation of the de -lay has been given and there has been no intentional or willful disregard of any discrection of the Court. (see In re Marriage of Daque [1985], 136 Ill.App.3d 297, 483 N.E.2d 322)

In the instant case at hand, the trial court itself concedes that the appropriate disposition of this case would be to remand it back to the District Court for further consideration.

(see Plaintiffs Exhibit-(A), which is the trial Courts Order)

WHEREFORE, Plaintiff-Pro Se. Jeffery Latham, pray, that this Honorable Court would revest itself with jurisdiction to correct its prior ruling in acknowledgement that the allegations as cited in his complaint being deemed true are sufficient to state a caus-e of action pursuant to a claim of retaliation.

That, in the alternative, at the very least, this Court siez-e the opportunity to inform the Appellate Court of the fact that although this case is pending on appeal and that as a matter of l-aw the District Court does not have jurisdiction to hear Plainti-ffs Fed.R.Civ.P. 60(b) motion in relief fromjudgment, this Court would be inclined to to grant such a motion. Inthat, given furthe-r review of the complaint by the District Court the complaint re-veals that said Plaintiff has infact stated a timely claim of re-taliation and this Court recommends that a remand of this case would allow this Court to correct its prior ruling on Plaintiffs motion to proceed in forma pauperis. That the ruling inquestion s-hould have been based solely on Plaintiffs ability to pay the fi-ling fee and not on the merits of his case.

Respectfully Submitted

/s/ _____
Plaintiff/ProSe Jeffery Latham

SUBSCRIBED AND SWORN TO BEFORE ME

this  18  day of  June  , 2008.

_____
NOTARY PULIC

OFFICIAL SEAL
GARETH L. BEAMS
Notary Public - State of Illinois
My Commission Expires Sep 21, 2011

(9)

STATE OF ILLINOIS   )
                    ) SS.
COUNTY OF KNOX      )

### AFFIDAVIT

I, Jeffery Latham, Plaintiff-Pro Se., the undersigned, certi-fy and do state:

1. I am the undersigned Plaintiff in the attached "Motion For Relief From Judgment And Memorandum Of Law".

2. I have read the foregoing application and have knowledge of its contents.

3. Under penalty of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I certify that the statements set-forth in the foregoing petition are true and corre-ct in substance and in fact to the best of my knowledge and beli-ef. As to those matters therein stated on information and or bel-ief I here by certify that I believe same to be true.

/s/ _____
     JEFFERY LATHAM

SUBSCRIBED AND SWORN TO BEFORE ME

this _18_ day of _June_, 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
GARETH L. BEAMS
Notary Public - State of Illinois
My Commission Expires Sep 21, 2011

(9)

<u>ADDENDUM TO PLANITIFF'S
MOTION FOR RELIEF FROM JUDGMENT
AND MEMORANDUM OF LAW</u>

    Plainfiff request this Honorable Court to allow Plaintiff's Addendum to Plaintiffs motion for relief from judgment and memorandum of law to be heard along with said motion inthat after havi-ng said motion notarized at the prison law libaray and immediate-ly before mailing same to the Court Plaintiff acquired crucial evidence via the institutional mail which lends credence to the r-esolution of the core issue now before this Court: whether Plain-tiff was infact retaliated against by the Defendant.???

    1. Plaintiff request the Court to direct its attention to paragraph #3 under the section of Legal Standard, page #4,,, wherein Plaintiff speaks to the Defendants purposeful discarding of his legal material and makes reference to Plaintiffs Exhibit (B) which is a copy of his Resident Personal property Inventory Record which is the accounting of his personal property that was transfered along with him from Stateville C.C. to the Menard C.C.. Said document clearly shows that there was'nt any legal material shipped at the time/on the date inquestion/when Plaintiff was transfered to Menard C.C.. Some time after said transfer Plaintif-f filed a grievance pursuant to Stateville's officers and or off-icials with holding his mail and the fact that he he yet to rece-ived any legal material/property. Plaintiff would ask that the Court take notice of Plaintiffs Exhibit-(C) which is a Counseling Summary dated; 10/25/06, wherein it states: Offenders Grieves th-at I.A. is holding his mail. C.O. Bauersachs states they are not holding his mail. STA (meaning: Stateville) library states they h-ave legal boxes and will send them to Men (meaning: Menard) Mind you, this is months after Plaintiff was transfered and still his legal material is continuing to be held at Stateville when they should have been shipped along with the rest of his Personal Prop-erty on the day he was transfered per - departmental rule. When an inmate is transferred, days before the Law Library Supervisor i-s informed whereas he can make ready any and all of that inmates excess legal storage box(es)/legal property for shipment. Also, inmates are allowed to have what is termed a correcspondence box in his cell where he is to store his legal material when those it-ems are kept in the cell. There was not legal material cited on the inventory sheet,,, so how can this be justified? It cant!!! Lastly, please take notice of Plaintiffs Exhibit-(B) third sheet which is a Resident Personal Property Inventory Record Sheet for what is termed "Catch-Up" property items which were not shipped along with the rest of Plaitiffs property the day he was transfer-ed. This gives insight into the mindset of Statevilles Officials for if they intended to do the right thing said legal property wo-uld have been shipped on the date or before that of the catch-up personal property was. (see Exhibit(s) - (B) & (C))

**STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS**
**RESIDENT PERSONAL PROPERTY INVENTORY RECORD**

Exhibit (B)

1. CORRECTIONAL CENTER: Stateville Correctional Center
2. DATE PACKED: 9-1-06
3. RESIDENT (OWNER OF THE PERSONAL PROPERTY): Latham, Jeffrey
4. REGISTER NO.: 030158
5. TRANSFERRED TO: Menard
6. DATE TRANSFERRED: 9-1-06
7. WHERE PROPERTY SENT:

## MISCELLANEOUS

| Qty | Item | Qty | Item | Qty | Item | Qty | Item |
|---|---|---|---|---|---|---|---|
| 4 | Ash Trays | 2 | Eyeglasses | | Music Books | | Brief Cases |
| 15 | Ball Point Pens | | Eyeglass Case | 2 | Photo Albums | 5 | Books |
| | Can Openers | | Jigsaw Puzzles | | Photographs without frames | | Magazines |
| 1 | Cards, Greeting | | Law Books | | Plants | | Posters, Wall |
| | Checker Set | | Lead Pencils | 1 | Playing Cards | | Paintings, Unframed |
| | Chess Set | | Legal Papers | | Shoe Polish | | Paintings, Framed |
| | Chess or Checker Board | | Legal Documents | | Shoe Brush | | Ice Chest or Cooler |
| | Court Transcripts | 12 | Letters | 2 | Soap Dish | | Bracelets |
| 1 | Dictionary American Heritage | | Notebooks | | Suitcases | 2 | Necklaces Religion |
| | Ear Plug | | Mechanical Pencils | | Trunks | | Rings |
| | Erasers | | Medication | | Photographs with Frames | | Wallets |

2 Knee braces   ½ bottle of vitamins
1 bowl
1 Quaran
1 Set of dominos
13 Markers

| Qty | Item |
|---|---|
| 1 | Cigarettes Newports |
| | Cigarette Lighters |
| | Cigars |
| | Coffee |

Plaintiff's Exhibit - (B)
4-Sheets of Resident Personal Property Inventory Record Sheet(s)

Tobacco Pouches  3 Boxes

## COSMETICS

| Qty | Item | Qty | Item | Qty | Item | Qty | Item |
|---|---|---|---|---|---|---|---|
| | Chap Stick | | Hair Picks | 2 | Nail Clippers 1 Toe Nail | | Baby Oil |
| | Combs | 2 | Hair Dressing | 1 | Soap, Bars | 2 | Toothpaste |
| | Dentures, Upper, Lower | 1 | Hair Conditioner | | Shaving Cream | 1 | Tooth Brush |
| 4 | Deodorant, Sticks | 2 | Shampoo | 1 | Talcum Powder Baby | | Tooth Powder |
| | Deodorant, Spray | | Cream Rinse or Cond. | | Baby Lotion | | Tweezers |
| | Hair Brushes | | | | | | |

DCA 0430-1-A (7/79)

| RESIDENT'S NAME | REGISTER NO. | DATE |
|---|---|---|
| LATHAM, JEFFREY | B30158 | 9-1-06 |

## CLOTHING

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Dress Boots | 1 | T-Shirts, Colored | | Suits, Three Piece | | Jackets, Other |
| | Work Boots | | Undershirts | | Sport Coats | | Coats, Leather |
| | Houseslippers | | Colored Tank Shirts | | Jeans, Blue | | Coats, Other |
| 1 | Shower Shoes | | Thermal Underwear | | Jeans, Other Colors | | Caps |
| 1 | Gym Shoes | 1 | Handkerchiefs | | Neckties | | Hats |
| | Dress Shoes | 5 | Socks, White | | Sweaters | 2 | Gloves Brown |
| | Belts | | Socks, Colored | | Pullover Shirts | | Umbrellas |
| 2 | Undershirts, Briefs | | Sweatshirts | | Dress Shirts | | Scarves |
| 2 | Undershorts, Boxer | | Suits, Two Piece | | Dress Pants | 1 | grey shorts |
| 8 | T-Shirts, White | 1 | Thermal shirt | | Jackets, Leather | 1 | shoe inserts |

1 bible cover + 1 bible
2 religious headgarments
2 do rags
1 ear warmer
1 cup
1 black belt

## CRAFT SUPPLIES

☐ Painting Supplies

90 color pencils, 1 pack of pastel chalk, 1 pack of crayola markers

☐ Leathercraft Supplies

☐ Jewelry Making Supplies

☐ Other, Specify

## LINENS

| | Bedspreads | | Room Size Rugs | | Pillows | | Towels, Hand |
|---|---|---|---|---|---|---|---|
| | Drapes | | Sheets | | Blankets | | Washcloths |
| | Sheers | | Pillow Cases | | Quilts | | |
| | Throw Rugs | | | | Towels, Bath | | |

| RESIDENT'S NAME | REGISTER NO. | DATE |
|---|---|---|
| Lattany, Jeffrey | B30158 | 9-1-06 |

**PERMIT ITEMS**

(On each item on this page, please specify brand, description, and model or serial number if available:)

**Typewriter:** Cannon Typewriter S52048155

**Lamp:** 2 clip on fans (1 blk + 1 white)

**Musical Instrument:**

**Headphones:** 1 Koss Headphones

**Razor:**

**Fishing Equipment:**

**Wristwatch:** 1 silver watch

**Alarm Clock:**

**Pocket Watch:**

**Calculator:** 1 calculator

**Fan:** Kool Operator Jr Fan

**Coffee Pot:**

**Hair Styler/Dryer:**

**Popcorn Popper:**

(On the stereo equipment, please specify function as well as the above information: Television, AM Radio, AM/FM Radio, 8-Track player)

(1) 1 "13" Seique view Television serial #924575883
(2) 1 typewriter ribbon    2 extension cords
(3) 1 pack of AA batteries   ~~1 calculator~~
(4) 2 AC adaptors    1 coax cable
(5) 1 TV ANTENNA

**Eight Track Tapes:** No

**Cassette Tapes:** 47

**Records:** No

PLEASE SEND THE ITEMS I CANNOT TAKE WITH ME TO THE FOLLOWING NAME AND ADDRESS:

**NAME:**

**PHONE NUMBER OF THIS PARTY:** AC( )

**ADDRESS:**

I hereby certify that the Personal Property Sheets I am signing contain a true and complete listing of my personal property.

**Resident's Signature:** _____ **Number:** _____

**Dates:** _____

**Witness:** _____

**Checking Officer(s):** Henderson

**Listed By:** S. Washington

# STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS
## RESIDENT PERSONAL PROPERTY INVENTORY RECORD

| 1. CORRECTIONAL CENTER: K3 | 2. DATE PACKED: 10-2-06 |
|---|---|
| 3. RESIDENT (OWNER OF THE PERSONAL PROPERTY): Latham | 4. REGISTER NO.: B30158 | 5. TRANSFERRED TO: Menard |
| 6. DATE TRANSFERRED: | 7. WHERE PROPERTY SENT: (WITH THE RESIDENT OR TO ADDRESS GIVEN ON BACK) |

### MISCELLANEOUS

- Ash Trays
- Ball Point Pens
- Can Openers
- Cards, Greeting
- Checker Set
- Chess Set
- Chess or Checker Board
- Court Transcripts
- Dictionary
- Ear Plug
- Erasers
- Eyeglasses
- Eyeglass Case
- Jigsaw Puzzles
- Law Books
- Lead Pencils
- Legal Papers
- Legal Documents
- Letters
- Notebooks
- Mechanical Pencils
- Medication
- Music Books
- Photo Albums
- Photographs without frames
- Plants
- Playing Cards
- Shoe Polish
- Shoe Brush
- Soap Dish
- Suitcases
- Trunks
- Photographs with Frames
- Brief Cases
- Books
- Magazines
- Posters, Wall
- Paintings, Unframed
- Paintings, Framed
- Ice Chest or Cooler
- Bracelets
- Necklaces
- Rings
- Wallets

1 gray shirt
1 gym shoe
1 gray sweat pants
1 gray sweat shorts

CATCH UP
C/O Jelli
10-2-06

### STAPLES

- Cigarettes
- Cigarette Lighters
- Cigars
- Coffee
- Tea
- Pipe Tobacco
- Tobacco Pouches
- Pipe

### COSMETICS

- Chap Stick
- Combs
- Dentures, ___ Upper, ___ Lower
- Deodorant, Sticks
- Deodorant, Spray
- Hair Brushes
- Hair Picks
- Hair Dressing
- Hair Conditioner
- Shampoo
- Cream Rinse or Cond
- Nail Clippers
- Soap, Bars
- Shaving Cream
- Talcum Powder
- Baby Lotion
- Baby Oil
- Toothpaste
- Tooth Brush
- Tooth Powder
- Tweezers

DCA 0430-1-A (7/79)    Page 1 of 3

# State of Illinois - Department of Corrections
## Counseling Summary

Exhibit (c)

| | |
|---|---|
| **IDOC #** B30158 | **Counseling Date** 10/25/06 15:02:19:078 |
| **Offender Name** LATHAM, JEFFREY | **Type** Collateral |
| **Current Admit Date** 02/09/1996 | **Method** Other |
| **MSR Date** 09/22/2026 | **Location** MEN COF |
| **HSE/GAL/CELL** R3-C-78 | **Staff** ALMS, JAMES E, CORRECTIONAL COUNSELOR II |

Offender grieves that I.A. is holding his mail. C.O. Bauersachs states they are not holding his mail. STA Library states they have legal boxes and will send them to MEN.

**Print Date** 6/13/2008

Order Form (01/2005)    Case 1:08-cv-00303    Document 18    Filed 05/29/2008    Page 1 of 2

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 303 | **DATE** | May 29, 2008 |
| **CASE TITLE** | Jeffery Latham (B-30158) v. Joseph Burke, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for an extension of time to file a notice of appeal [6] is denied as moot. Plaintiff's motion for the appointment of counsel for his appeal [15] is denied without prejudice to Plaintiff refiling it in the Seventh Circuit Court of Appeals. Plaintiff's motion for leave to appeal *in forma pauperis* [17] is granted. The court assesses Plaintiff an initial partial filing fee of $9.00. The clerk is directed to send a copy of this order to the trust fund officer at the Hill Correctional Center and the PLRA Attorney, U.S. Court of Appeals. The Fiscal Department shall allocate funds received to the appellate case, *Latham v. Burke*, No. 08-1911, until the $455 appellate fees are paid.

■ [For further details see text below.]      Docketing to mail notices.

### STATEMENT

    In January of 2008, Plaintiff Jeffery Latham (B-30158) filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and a motion to proceed *in forma pauperis* in this Court. On February 12, 2008, the Court denied the *in forma pauperis* motion and dismissed the case upon determining that it was clear from the face of the complaint that Plaintiff's claims were untimely. The Court noted that Plaintiff's claims involved an incident in May 2005 and that he filed his complaint more than two years later in January 2008. *See Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) (federal courts use the forum state's statute of limitations for § 1983 claims, which is two years for personal injury claims in Illinois); *see also Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (when an affirmative defense is so plain from the face of a complaint, the complaint may be dismissed on preliminary review).

    Plaintiff then filed the following: a motion for extension of time to file a notice of appeal; a notice of appeal; and a motion for the appointment of counsel for his appeal. He also filed in the Seventh Circuit a motion to proceed *in forma pauperis* on appeal, which the Seventh Circuit has transferred to this Court. The motion for extension of time to file a notice of appeal is denied as moot, given that the notice of appeal was timely filed. The motion for the appointment of counsel is denied without prejudice to Plaintiff filing the motion in the Seventh Circuit.

(CONTINUED)

     isk

Plaintiff's
Exhibit - (A)
2-sheets of U.S. District Court Court's Order

Page 1 of 2

*Exhibit (A)*

### STATEMENT (continued)

With respect to the motion to proceed *in forma pauperis* on appeal, this Court finds that Plaintiff has taken the appeal in good faith. *See* 28 U.S.C. § 1915 (a)(3). Accordingly, the Court grants Plaintiff's motion for leave to appeal *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses Plaintiff an initial partial filing fee of $9.00. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $455 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn.: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action, and the docket number assigned to the appeal by the Court of Appeals, which is No. 08-1911. If Plaintiff is transferred to another institution, the trust fund officer at the new institution shall be informed of this order and shall be responsible for making deductions and payments in accordance with this order.

Although this case is pending on appeal, and although Plaintiff has not formally filed a motion for relief from judgment under Fed. R. Civ. P. 60(b), the Court nonetheless notes that it would be inclined to grant such a motion if Plaintiff's current motions could be construed as a Rule 60(b) motion or if Plaintiff filed a Rule 60(b) motion. *See Boyko v. Anderson*, 185 F.3d 672, 675-76 (7th Cir. 1999); *Brown v. United States*. 976 F.2d 1104, 1110-11 (7th Cir. 1992) (although a district court does not have jurisdiction to grant a Rule 60(b) motion while an appeal is pending, the district court may inform the appellate court that the district court would grant such a motion so that the appellate court may remand the case). Further review of the complaint reveals that Plaintiff may have stated a timely claim of retaliation. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). Also, the ruling on Plaintiff's motion to proceed *in forma pauperis* in this Court should have been based solely on Plaintiff's ability to pay the filing fee and not on the merits of his case. *See Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997). A remand of this case now would allow this Court to re-address Plaintiff's motion to proceed *in forma pauperis* in this Court and to re-address whether Plaintiff has sufficiently stated a valid claim permitting his complaint to proceed forward.